Margaret E. HAMAS, individually and as administratrix of the Estate of Michael Hamas, deceased, Plaintiffs,

v.

BECKETT AVIATION CORPORATION, et al., Defendants.

Civ. A. No. 91–981.

United States District Court, W.D. Pennsylvania.

Sept. 29, 1992.

---

Gary F. Sharlock, Pittsburgh, Pa., for CSX Corp., CSX Corp. Survivors Plan, Plan No. 501, CSX Corp. Employee Ben. Plan(s), John Doe(s), Trustee(s) of CSX Corp. Survivors Plan, Plan No. 501 and John Doe(s), Trustee(s) of CSX Corp. Employee Ben. Plans.

Paul J. Winterhalter, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for Aero Services Intern., Inc., CSX Beckett Aviation, Inc. and Beckett Aviation, Inc.

Douglas A. Campbell, Campbell & Levine, Pittsburgh, Pa., for Metropolitan Life Ins. Co.

## MEMORANDUM OPINION

LEWIS, District Judge.

Michael Hamas was a pilot working out of West Mifflin, Pennsylvania, until 1981, when he took disability retirement. He died in 1988. This case concerns the issue of whether his estate is entitled to a $50,000 death benefit pursuant to the terms of life insurance provided by his employer. In attempting to collect the death benefit to which they believe they are entitled, however, the plaintiffs have encountered an unusual problem: determining the identity of Mr. Hamas' employer. In fact, confusion surrounding that seemingly easily proven fact, among others, will result in this court's partially denying the motions for summary judgment pending before it. Even a life insurance company which is not directly affected by the corporate changes that have taken place is so caught up in the factual disputes that resolution of the claims against it must await trial also.

Plaintiffs' five-count complaint asserts four claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and one state-law breach of contract claim. Although plaintiffs name thirty-one defendants, only nine

have responded to the complaint.[1] Plaintiffs have dismissed the claims asserted against four other defendants.[2] The court is in the dark about the status of the plaintiffs' case against the remaining eighteen defendants. These defendants have not responded to the complaint, and plaintiffs have neither provided proofs of service with respect to them nor filed requests for default and default judgment.[3]

Three defendants—CSX Corporation ("CSX"), Metropolitan Life Insurance Company ("Metropolitan") and Aero Services International, Inc. ("Aero Services")—have filed motions for summary judgment, and plaintiffs have responded with cross-motions for summary judgment against each of those defendants. The court will deny all parties' motions, except that it will grant summary judgment to the defendants with regard to plaintiffs' claims for punitive damages and it will grant summary judgment to CSX on its crossclaim against Aero Services.

## I. *Summary Judgment Standard*

■ Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When confronted with a motion for summary judgment, it is not the court's function to weigh the evidence and determine the truth of the matter, but rather simply to determine whether there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is genuine only if the evidence is such that a reason-

able jury could return a verdict for the nonmoving party. *Id.*

■ The moving party bears the burden of identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmoving party then must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and admissions on file, designate facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

■ For example, if a defendant identifies portions of the record that demonstrate the absence of a factual dispute as to an essential element of a plaintiff's case, a plaintiff must come forward with evidence beyond the pleadings which creates a genuine issue as to that element. *Id.* See also *Anderson,* 477 U.S. 242, 106 S.Ct. 2505. The court must view the facts, the evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Tigg Corp. v. Dow Corning Corp.,* 822 F.2d 358, 361 (3d Cir. 1987).

Applying these standards, the factual disputes between the parties preclude the issuance of summary judgment on the substantive issues, except to the extent Aero Services consents to the entry of judgment against it on CSX's crossclaim against it.

## II. *Punitive Damages*

■ At Count IV, however, plaintiffs seek punitive damages under ERISA. The moving defendants seek summary judgment on the plaintiffs' requests for puni-

---

1. These are: Metropolitan Life Insurance Company; Aero Services International, Inc.; CSX Beckett Aviation, Inc.; Beckett Aviation, Inc.; CSX Corporation; CSX Corporation Survivor's Plan, Plan No. 501; CSX Corporation Employee Benefit Plan(s); John Doe(s) Trustee(s) of CSX Corporation Survivor's Plan, Plan No. 501; and John Doe(s) Trustee(s) of CSX Corporation Employee Benefit Plan(s).

2. These are: Beckett Enterprises, Inc.; Beckett Enterprises, Inc. Employee Benefit Plans; John Doe(s) Trustee(s) of Beckett Enterprises, Inc.; and John Doe(s), Trustee(s) of Beckett Enterprises, Inc. Employee Benefit Plans.

3. If this matter is not clarified before the pretrial conference, the parties can be sure that the court will inquire about it at that time.

tive damages. Their motion will be granted.

In their complaint, plaintiffs allege violations of ERISA sections 101(a), 104(b)(1), 104(b)(4), 404(a)(1)(A) and (B), and 503.[4] Complaint ¶¶ 44, 46, 51, 58. Although plaintiffs request relief pursuant to section 502 of ERISA, 29 U.S.C. § 1132, they have not specified the subsections thereof upon which they rely for the major relief they seek. Rather, the court is left to assume which subsections of ERISA section 502 might apply.

Normally, a court should not attempt to decide for a plaintiff which statutory sections that plaintiff is relying upon in bringing suit. It is a plaintiff's obligation to identify his or her cause of action for the court. In this case, however, a further parsing of the statutory bases of plaintiffs' claims both advances understanding of the case and clarifies the punitive damages issues. Therefore, the court will proceed to do so.

Plaintiffs' claims arise under almost every possible subsection of ERISA's civil enforcement provisions. The statute indicates that plaintiffs' request for plan benefits is properly asserted pursuant to ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiffs' request that the court impose certain daily penalties upon the defendants must be asserted pursuant to section 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A). Plaintiffs' claim of breach of fiduciary duty appears to be most properly asserted pursuant to section 502(a)(2). 29 U.S.C. § 1132(a)(2). *See Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Finally, their claims for injunctive and declaratory relief conceivably could come within either section 502(a)(1)(B) as requests for such relief "under the terms of a plan" or section 502(a)(3), 29 U.S.C.

§ 1132(a)(3). The latter section provides that a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

Plaintiffs clearly cannot recover punitive damages on claims asserted pursuant to ERISA sections 502(a)(1) and 502(a)(2), 29 U.S.C. §§ 1132(a)(1) and 1132(a)(2). *See id.; Pane v. RCA Corp.*, 868 F.2d 631, 635 n. 2 (3d Cir.1989). The claims asserted by plaintiffs which may be asserted pursuant to ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), present a slightly more equivocal issue, however.

In *Russell*, the Supreme Court explicitly left open the question of whether suits seeking "other appropriate equitable relief" under ERISA section 502(a)(3) can result in the imposition of punitive damages. *See Russell*, 473 U.S. at 139 n. 5, 105 S.Ct. at 3088 n. 5. Since then, the majority of circuit courts have either held or stated in *dicta* that plaintiffs may not recover punitive damages for violations of section 502(a)(3), 29 U.S.C. § 1132(a)(3). *See McRae v. Seafarers' Welfare Plans*, 920 F.2d 819, 822 n. 8 (11th Cir.1991) (citing cases); *Allison v. Dugan*, 737 F.Supp. 1043 (N.D.Ind.1990), *rev'd in part on other grounds*, 951 F.2d 828 (7th Cir.1992). Plaintiffs have not cited to any cases in response to defendants' motions on this issue. Because the cases ruling that punitive damages are not available under ERISA are well-reasoned, and in the absence of any authority (controlling or otherwise) to the contrary, this court will rule for defendants and grant them summary judgment as to Count IV.[5]

---

**4.** These sections are codified at 29 U.S.C. §§ 1021(a), 1024(b)(1), 1024(b)(4), 1104(a)(1)(A) and (B), and 1133.

**5.** This also appears to be the correct holding because the Third Circuit's decision in *Pane* is phrased so broadly that *Pane* can be read as negating the possibility of a punitive damages

award in all cases brought under section 502(a). *See Pane*, 868 F.2d at 635 n. 2 ("[i]t has been consistently held that section 502(a) of ERISA, 29 U.S.C. § 1132(a) does not authorize [punitive damages]").

## III. *Clarification of Plaintiffs' Allegations at Count V*

At Count V, plaintiffs assert a breach of contract claim against "the [d]efendants who are described in Paragraph No. 6." Complaint, ¶ 70. Metropolitan is not among the defendants described in paragraph 6 of the plaintiffs' complaint. To be safe, however, Metropolitan moves for summary judgment on Count V, just in case someone later asserts that it should be held liable at that count. More as a clarification than as a legal ruling, the court hereby puts all parties on notice that, in its view, Metropolitan is not a defendant at Count V.

## IV. *Plaintiffs' Attempt to Amend Their Complaint to Hold Metropolitan Liable Under State Law*

Finally, as noted previously, plaintiff's complaint contains four ERISA counts in addition to this breach of contract claim. Without moving to amend their complaint, plaintiffs now seek to either add to or convert the ERISA claims they formerly asserted against Metropolitan to claims asserting violations of state insurance law. *See* plaintiffs' motion for summary judgment, ¶ 38; plaintiffs' memorandum at 11–16; plaintiffs' pretrial statement at 23. The court will not permit plaintiffs to introduce Pennsylvania state law claims into this case in this fashion. Rather, plaintiffs must request leave to amend their complaint, as the rules require. As of now, there is no claim for violation of Pennsylvania insurance law in this case.

An appropriate order will follow.

### ORDER

AND NOW, this 29th day of September, 1992, upon consideration of the motions for summary judgment filed by defendants Metropolitan Life Insurance Company, Aero Services International, Inc., and CSX Corporation, at Document Nos. 25, 33 and 40; the cross-motions for summary judgment filed by the plaintiffs at Document Nos. 48, 50 and 51; and the briefs and documentation filed in support thereof and in opposition thereto,

IT IS HEREBY ORDERED that said motions are GRANTED in part and DENIED in part, as set forth in the foregoing opinion.

IT IS FURTHER ORDERED that, judgment shall be and hereby is entered against defendant Aero Services International, Inc. and in favor of defendant CSX Corporation on CSX's motion for summary judgment on its crossclaim against Aero Services, which is contained within the motion filed at Document No. 40.